# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
August 14, 2001 Session

## STATE OF TENNESSEE v. ERNEST EDWARD WILSON

**Appeal from the Criminal Court for Davidson County**
**No. 98-D-2474     J. Randall Wyatt, Jr., Judge**

---

**No. M2000-01997-CCA-R3-CD - Filed October 17, 2001**

---

DAVID H. WELLES, J., dissenting.

I respectfully dissent from the majority's holding that the trial court's erroneous failure to instruct the jury on reckless homicide and criminally negligent homicide as lesser-included offenses of first degree murder is harmless beyond a reasonable doubt.

The majority holds that, under State v. Williams, 977 S.W.2d 101 (Tenn. 1998), any error in declining to give an instruction on reckless homicide is harmless beyond a reasonable doubt because the jury was instructed regarding voluntary manslaughter, but convicted the Defendant of second degree murder, thereby implicitly rejecting all lesser-included offenses below voluntary manslaughter. In Williams, the defendant was charged with first degree murder, and the jury was instructed on the lesser included-offense of second degree murder. Id. at 106. The supreme court reasoned that because the jury rejected the immediately lesser offense of second degree murder, it "necessarily rejected all other lesser offenses, including voluntary manslaughter," which was not charged by the trial court. Id. Therefore, the failure to instruct the jury on the offense of voluntary manslaughter was harmless error. Id.

However, because of the unique nature of voluntary manslaughter among homicide offenses, I cannot agree that in the present case a strict Williams analysis is applicable, and that the failure to charge reckless homicide was harmless beyond a reasonable doubt. Voluntary manslaughter is "the intentional or knowing killing of another in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211(a). The requirement of "adequate provocation" transforms what might otherwise be a first or second degree murder into the lesser included offense of voluntary manslaughter. Thus, although voluntary manslaughter has the same statutory mens rea as first or second degree murder — intentional or knowing — the requirement that the killing be done in a "state of passion" produced by adequate provocation takes voluntary manslaughter outside of the traditional line of homicide

culpability categories: intentional, knowing, reckless, and negligent. Therefore, the use of voluntary manslaughter as a "buffer" lesser-included offense in a Williams analysis is unreliable.

Furthermore, in Williams the jury found the defendant guilty of first degree premeditated murder. See Tenn. Code Ann. § 39-13-202(a)(1). A conviction for first degree premeditated murder requires a finding that the killing was done "after the exercise of reflection and judgment." Tenn. Code Ann. § 39-13-202(d). A finding of premeditation requires the jury to determine that the defendant was "sufficiently free from excitement and passion as to be capable of premeditation." Id. Conversely, voluntary manslaughter requires that the alleged killing take place "in a state of passion produced by adequate provocation sufficient to lead a reasonable person to act in an irrational manner." Tenn. Code Ann. § 39-13-211(a). Therefore, because the jury in Williams found the Defendant killed the victim while sufficiently free from passion as to be capable of premeditation, there is no reasonable possibility that the same jury would have found that the Defendant killed the victim while in a state of passion caused by adequate provocation. A finding of premeditation sufficient to support a conviction for first degree murder thus clearly leads to the conclusion that the jury would not have found the state of passion required to transform the crime to voluntary manslaughter, and thus solidifies a conclusion that any error in failing to charge the jury with voluntary manslaughter is harmless beyond a reasonable doubt.

In the present case, the jury convicted the Defendant of a knowing killing but was precluded from considering whether the Defendant acted with the immediately lesser state of mind of recklessness. The jury was instructed regarding first degree murder, second degree murder, and voluntary manslaughter. The jury returned a verdict for second degree murder.

In a case where little or no evidence of provocation exists, the logical immediate lesser-included offense of second degree murder is reckless homicide. What distinguishes voluntary manslaughter from an intentional or knowing killing is not a lesser mental state, but rather, the extenuating circumstance of adequate provocation. In the Defendant's case, failure to charge the jury as to reckless homicide denied it the opportunity to consider the immediate lesser-included offense supported by the facts. The Defendant testified that he fired the gun in order to scare the victim, and that he never intended to shoot the victim. He said that he wanted to shoot "close to him" and that the shot that hit the victim was "supposed to be a warning shot." Viewing this testimony in the light most favorable to the finding of the lesser-included offense and without making judgments on credibility, I believe that the facts within the record are sufficient to support a conviction, and therefore, a jury instruction on reckless homicide. Accordingly, the trial court erred in not instructing the jury regarding reckless homicide, and I cannot say that error was harmless beyond a reasonable doubt.

For the aforementioned reasons, I would reverse the judgment of the trial court and remand this case for a new trial.

_____
DAVID H. WELLES, JUDGE